RULE I. The authenticated copy of the record to be filed in this court on appeal or in return to a writ of error or writ ofcertiorari shall contain, in chronological order, copies of the process and service, the pleadings, all orders, the verdict in jury trials, the judgment or decree, the bill of exceptions, the stenographic report, the master's report and depositions, or the certificate of evidence, as the case may be, and the appeal bond in case of appeal. In civil cases a party or his attorney may by praæcipe direct what files of the cause shall be included in the transcript where only a portion of the record is ordered. If the transcript is insufficient to present fully and fairly the questions involved the requisite portion shall be supplied at the cost of appellant or plaintiff in error, and if unnecessarily voluminous he shall pay the cost of unnecessary matter. In cases removed from an Appellate Court there shall be added a transcript of the proceedings in such court. In no case shall the clerk of the trial court insert in any transcript any matter not a part of the record, and the clerk of this court shall not tax as costs any matter so inserted.
 SUPERSEDEAS — MANNER OF APPLYING FOR — BOND
RULE 2. If application is made for a supersedeas, the transcript of the record on which the application is made must be complete *Page 12 
and so certified by the clerk of the trial court, with the assignment of errors written on or appended to the record. On every such application an abstract of the record, with a brief of the points and authorities relied upon, referring specifically to those portions of the record upon which the alleged errors arose, shall be presented, with the record, to the court or justice to whom the application is made. Every such application must be accompanied by a proper affidavit of some credible person showing the sufficiency of the proffered bail or bond.
RULE 3. Whenever a bond is executed by an attorney in fact the clerk shall require the original power of attorney to be filed in his office unless it shall appear that the power of attorney contains other powers than the mere power to execute the bond in question, in which case the original power of attorney shall be presented to the clerk and a true copy thereof filed, certified by the clerk to be a true copy of the original.
RULE 4. When a writ of error shall be made asupersedeas the clerk shall endorse upon the writ the following words: "This writ of error is made asupersedeas and is to be obeyed accordingly," and he shall thereupon file the writ of error, with the transcript of the record, in his office and issue a certificate in substance as follows:
 SUPREME COURT OF ILLINOIS
I do hereby certify that a writ of error has issued from this court for the reversal of a [judgment or decree] in the case of ................. against rendered by the............... court of..............., at the............. term, A.D. 19..., in a certain action of............, which writ of error is made asupersedeas, and is to operate as a suspension of the execution of the [judgment or decree], and, as such, is to be obeyed by all concerned.
Given under my hand and the seal of the Supreme Court, at Springfield, this...... day of.............., A.D. 19......
............................., Clerk.
 WRITS OF ERROR — PROCESS
RULE 5. Writs of error shall be directed to the clerk of the court in which the judgment or decree complained of is entered, commanding him to certify a correct transcript of the record to this court. Where the plaintiff in error shall file in the office of the clerk of this court a transcript of the record, duly certified, *Page 13 
before a writ of error issues, it shall not be necessary to send such writ to the clerk of the inferior court but such transcript shall be taken and considered as a due return to the writ.
RULE 6. The process on a writ of error shall be a scirefacias to bear errors, issued on the application of the plaintiff in error to the clerk upon the filing of the transcript of record, directed to the sheriff or other officer of the proper county, commanding him to summon the defendant in error to appear in court and show cause, if any he have, why the judgment or decree mentioned in the writ of error should not be reversed. If the scire facias be not returned executed, successive writs may issue without an order of court. If the application for the scire facias shall be made on or before twenty days before the first day of the succeeding term of the court then the scire facias shall be made returnable on the first day of such succeeding term; but if the application is made less than twenty days before the first day of the succeeding term then the scire facias shall be made returnable on the first day of the second succeeding term.
RULE 7. The first day of each term shall be return day for the return of process, and no party shall be compelled to answer or prepare for hearing unless the scire facias
shall have been served twenty days before the return day thereof; nor shall a defendant in error be at liberty to enter his appearance and compel the plaintiff in error to proceed with the cause unless the defendant in error shall have given the plaintiff in error twenty days' notice before the term of his intention to enter his appearance and have the cause proceed to a hearing. If the scire facias is served less than twenty days before the return day thereof, the defendant will be required to plead or join in error by the first day of the second succeeding term to which the cause shall stand continued.
RULE 8. In all cases in which a writ of error is made asupersedeas the plaintiff in error shall, on filing the record with the clerk, at the same time order and direct ascire facias to issue to hear errors, and shall use reasonable diligence to have the same served twenty days before the first day of the term to which it is made returnable. On failing to do so, the defendant in error, after joining in error, shall have the right to a hearing at that term without giving twenty days' notice, as required by Rule 7. If less than *Page 14 
twenty days intervene between the allowance of thesupersedeas and the sitting of the court the cause shall stand continued until the next term, unless by consent of parties it shall be otherwise ordered.
 DEATH OF PARTY AFTER JUDGMENT — SUBSTITUTION OF REPRESENTATIVES
RULE 9. In any case where a party to a judgment or decree shall have died after the rendition of such judgment or decree, any other party to such judgment or decree, or any heir or legal representative of any other party desiring to sue out a writ of error to review such decree, may do so upon filing an affidavit showing the persons to whom the estate of the deceased party has passed and making such persons defendants in error. Any heir or legal representative of a party to any judgment or decree who shall have died after the rendition of such judgment or decree may sue out and prosecute a writ of error to review such decree upon filing affidavit showing that the estate of the deceased party has passed to such heir or representative.
 TIME FOR FILING RECORDS
RULE 10. No case brought to this court by appeal or writ of error shall be placed on the docket for hearing unless the record is filed on or before twenty days before the first day of the term, nor in cases brought by writ of error unless thescire facias shall have been served twenty days before the first day of the term, except that in extraordinary cases the court, upon special application, may order a cause to be placed an the hearing docket.
 ASSIGNMENT OF ERRORS
RULE 11. The appellant or plaintiff in error shall in all cases assign errors at the time of filing his record in this court, and on failing to do so the cause may be dismissed or the judgment or decree be affirmed; but other errors may be assigned after the filing of the record by leave of the court or of one of the justices. The appellee or defendant in error shall have the right to assign cross-errors on or before ten days before the term at which the cause shall stand for hearing, and not afterwards without special *Page 15 
leave of the court or of one of the justices. The assignment of errors and cross-errors must be written upon or attached to the record.
 TIME TO PLEAD
RULE 12. In all cases in this court where the defendant in error or appellee desires to plead and not join in error he shall file his plea in the office of the clerk not later than the first day of the term at which the cause stands for hearing, and the issue thereon must be made up before the day the cause is to be heard.
 ORIGINAL ACTIONS
RULE 13. In proceedings in original actions relating to the revenue, process shall be served on the defendant at least twenty days before the first day of the term. If there shall not be twenty days between the day of service and the first day of the term, or if a declaration setting forth the cause of action shall not be filed at least twenty days before the first day of the term, the cause may be continued on the application of the defendant.
 ABSTRACTS
RULE 14. In all cases the party prosecuting an appeal or writ of error in this court shall furnish a complete abstract of the record, referring to the pages of the record by numerals on the margin. Where the record contains the evidence it shall be condensed in narrative form in the abstract so as to present clearly and concisely its substance. The abstract shall be preceded by a complete index, alphabetically arranged, indicating the nature of each exhibit and the page where it may be found, and giving the names of the witnesses and the pages of the direct, cross and re-direct examination. In cases brought from an Appellate Court the abstract filed in such court under its rules may be filed in this court by changing the cover to conform to Rule 16, and including therein a printed abstract of the record of the Appellate Court, with an index thereto. The abstract must be sufficient to present fully every error relied upon, and it will be taken to be accurate and sufficient for a full understanding of the questions presented for decision unless the opposite party shall file a further abstract, making necessary corrections or additions. Such further abstract may *Page 16 
be filed if the original abstract is incomplete or inaccurate in any substantial part.
 BRIEFS
RULE 15. Each party shall file a printed brief in the cause. The brief of appellant or plaintiff in error shall contain a short and clear statement of the case, showing, first, the form of the action; second, the nature of the pleadings sufficiently to show what the issues were and to present any question subject to review arising on the pleadings; third, in cases depending upon the evidence the leading facts which the evidence proved or tended to prove, without quotation of evidence, discussion or argument and without detail but with appropriate references to the abstract; fourth, how the issues were decided upon the trial or hearing and what the judgment or decree was; and fifth, the errors relied upon for a reversal. The statement so made will be taken to be accurate and sufficient unless the opposite party shall in his brief point out wherein it is inaccurate or insufficient. The statement of the case shall be followed by the propositions of law and the authorities relied upon to support them. Cases must be cited by the full title, followed by the number and page of the volume of the official report. If the citation is from a foreign jurisdiction and a case cited is reported in the reporter system or some selected case system, reference should also be made to such report, if practicable. No alleged error or point not contained in such brief shall be raised afterwards, either by reply brief or in oral or printed argument or on petition for rehearing.
The brief of appellee or defendant in error shall contain a short and clear statement of the propositions by which he seeks to meet the alleged errors and to sustain the judgment or decree or by which such errors are obviated. He may also in such statement point out any insufficiency or inaccuracy in the statement of the opposite party and supply or correct the same. Such statement shall be followed by the propositions of law and authorities relied upon, in like manner as is required in the brief of appellant or plaintiff in error.
In all cases brought from an Appellate Court the party bringing the case to this court shall print as an appendix to his brief the opinion in full of such Appellate Court in the cause. Where *Page 17 
it may be important to know what questions were raised in the Appellate Court, a certified copy of the brief of appellant or plaintiff in error filed and used in that court may be filed in this court on motion and leave granted. The brief filed in the Appellate Court will not be received for any other purpose, and the motion for leave to file must show specifically the reasons why it is important in the consideration of the case in this court to know what questions were raised in the Appellate Court.
The brief of any party may be followed by an argument in support of such brief, which shall be distinct from but bound with the brief. The argument shall be confined to a discussion and elaboration of the points contained in the brief. Evidence shall not be copied at length in such argument, but reference shall be made by number to the page or pages of the abstract where such evidence may be found.
 PRINTING AND SERVICE OF BRIEFS AND ABSTRACTS
RULE 16. Abstracts and briefs shall be printed on both sides of the paper in a neat and workmanlike manner, in small pica type and leaded lines, upon white paper 6 3/4 by 10 inches, as near as may be, bound in book or pamphlet form, with a suitable cover containing the title of this court, of the court from which the case is brought and of the cause as it appeared in the trial court. The name of the trial judge entering the judgment, decree or order to be reviewed, and of the attorney or attorneys appearing for the party filing the same, shall appear upon the cover of the brief and of the abstract. Fifteen copies of such abstract and brief, together with proof of service of three copies on counsel for the opposite party personally or by mail, shall be filed with the clerk of this court. Where the Attorney General and a State's attorney both appear for the opposite party in this court the proof of service Shall show the service of two copies on each.
 TIME OF FILING ABSTRACTS AND BRIEFS
RULE 17. The abstract and the brief of the appellant or plaintiff in error, together with proof of service of copies of such abstract and brief on the opposite party or his counsel, as required by Rule 16, must be filed in the clerk's office on or before twenty *Page 18 
days before the first day of the term at which the cause will stand for hearing, unless the time for filing the same is extended. In case either the abstract or brief is not filed within the time prescribed, the judgment or decree of the court below will, on the call of the docket, be affirmed. The appellee or defendant in error shall file his brief, with like proof of service, not later than the first day of the term unless the time for filing the brief of appellant or plaintiff in error shall be extended, in which case he shall have twenty days from the day on which the brief of appellant or plaintiff in error is served upon him. Appellant or plaintiff in error shall have seven days from the day on which the brief of appellee or defendant in error is served upon him in which to file a reply brief, with like proof of service. Upon good cause shown, further time to file the abstract or the brief of either party may be granted by the court in term time or by any justice thereof in vacation, but only upon written motion filed with the clerk in term time or with one of the justices in vacation, in accordance with Rule 24. Such motions will be considered the day following their presentation.
 DOCKETING AND HEARING
RULE 18. Causes in which the people are a party shall be placed at the head of the docket. All other cases shall be docketed and called for argument in the order in which the records shall have been filed with the clerk. Causes which in the judgment of the court involve important public interests may be advanced on the docket.
RULE 19. In preparing the docket of the business of the term the clerk shall place upon the same all cases pending.
RULE 20. Besides the trial docket three separate dockets shall be prepared, upon which shall be placed, respectively, petitions for rehearing, petitions for writs ofcertiorari and petitions for writs of error in compensation cases.
 TRANSFERRED CAUSES
RULE 21. Where a cause is transferred to this court from an Appellate Court for the reason that it was erroneously taken to that court when it should have been taken directly from the trial court to this court, the same rules shall govern in reference to the *Page 19 
preparation and filing of the abstract and briefs and the docketing and hearing of the cause as though it had been brought here by appeal from the Appellate Court. If the abstract and brief of the appellant or plaintiff in error have been filed in the Appellate Court, the cause shall stand for hearing the same as if such abstract and brief had been filed in this court twenty days before the term.
 CALL OF THE DOCKET
RULE 22. The call of the trial docket will commence on Thursday of the second week of the term and twenty cases a day shall be subject to call, except that all criminal cases shall be subject to call on Saturday of the second week. The causes will be called numerically, and shall be argued, continued or otherwise disposed of as they are called, unless for good cause shown they shall be placed at the foot of the docket. When a cause pending on a writ of error is reached on the call of the docket at three successive terms and there has been no return to the writ of error or service of a writ of scirefacias on the defendant in error, either personally or by publication, the writ of error shall be dismissed.
 ORAL ARGUMENT
RULE 23. Oral argument will be heard on behalf of each party who shall have complied with the rule for filing briefs and who shall state his intention to argue such cause orally by printing a notice at the bottom of the cover page of the brief, and also registering in the clerk's office on the day of the call. No further brief will be received on behalf of any party after he shall have argued the cause orally. If either party has filed such statement of his intention to argue the cause orally, the opposite party, if he appears at the time the cause is called and has filed his brief, may argue orally whether he has filed a statement of his intention to do so or not and whether the other party appears or not. Where, by reason of an extension of time for filing briefs, the brief of the appellee or defendant in error is not due and is not filed at the time the cause is called for hearing the cause will be continued, unless a stipulation that the cause is to be submitted on briefs, without oral argument, is filed. If for a like reason the reply brief of the appellant or plaintiff in error is not due and is not filed at *Page 20 
the time the cause is called for hearing and notice of oral argument has been given by either party the cause will be continued, unless the appellant or plaintiff in error shall have given the appellee or defendant in error two days' notice that he will waive his reply brief or a stipulation to submit without oral argument is filed.
Where the cause is argued orally by both parties the time allowed for oral argument shall be limited to forty-five minutes on each side unless otherwise specially permitted, and the appellant or plaintiff in error shall have an additional fifteen minutes for reply, but he shall not raise any new point in reply. Oral argument must be confined strictly to the questions at issue in the cause. Where any cause is argued on one side, only, the argument shall be limited to thirty minutes. Each party may state briefly the leading facts which he deems established, but an extended discussion upon any mere question of fact will not be heard.
Not more than two counsel for each side will be heard in oral argument, and where a cause is argued on one side, only, not more than one counsel will be heard. After a cause has been submitted, whether upon briefs and oral argument or upon briefs, only, no brief or memorandum in relation to the case shall be presented, either directly or indirectly, to the court or any judge thereof except upon leave granted by the court or one of the justices, after notice to opposing counsel.
 MOTIONS
RULE 24. Motions shall be filed with the clerk at least one day before they are presented to the court and must be submitted at least one day before the cause stands for hearing. All motions will be presented by the clerk immediately after the daily announcements of the court but at no other time during the day, unless in case of necessity or in relation to a cause when called in course. All motions and suggestions in support thereof shall be in writing, and when the motion is based on matter that does not appear of record it shall be supported by affidavit. Before a motion can be filed, proof that a copy of the motion and suggestions in support thereof have been served on counsel for the opposite party at least twenty-four hours before the motion is presented for filing shall be filed with the clerk, unless such service shall be shown by affidavit to be impracticable. Objections to motions must be in writing *Page 21 
and must be filed within twenty-four hours after the motion is presented to the clerk for filing. All motions shall be submitted without oral argument upon the written suggestions and affidavits for and against the motions.
 FINAL PROCESS
RULE 25. No final process shall issue in any case before the close of the term unless for good cause shown the court shall otherwise order. The mandate shall issue, in every criminal case in which the judgment shall have been affirmed, fifteen (15) days after the filing of the opinion and not sooner, except that upon the written request of the Attorney General the mandate shall issue at once.
 PETITION FOR REHEARING
RULE 26. A party desiring a rehearing in any cause shall within fifteen (15) days after the filing of the opinion file with the clerk and deliver to the official reporter a notice in writing of his intention to ask for a rehearing, and within twenty-five (25) days after the filing of the opinion he shall file with the clerk fifteen (15) copies of the petition, printed in accordance with Rule 16, with proof of service on opposite counsel, and deliver a copy thereof to the official reporter. The petition shall state briefly the points supposed to have been overlooked or misapprehended by the court, with proper reference to the particular portion of the original abstract and brief relied upon, and with authorities and suggestions, concisely stated, in support of the points. Argument in support of the petition will not be permitted. Any petition violating this rule will be stricken.
RULE 27. If a petition for rehearing shall be presented to one of the justices and he shall be of the opinion the case should be further considered by the court on such petition he shall stay all further proceedings in the cause until the next term. Such application shall be presented, if practicable, to the justice who wrote the opinion.
 DOCKETING REHEARINGS
RULE 28. When a rehearing is granted the cause shall be placed at the foot of the docket for hearing. The original briefs of the parties, and the petition for rehearing, answer and reply, shall stand *Page 22 
as briefs on the rehearing. The opposite party shall have fifteen (15) days from the granting of the rehearing to answer the petition, and the petitioner shall have five (5) days to file his reply. Copies of each shall be served on opposing counsel. Oral argument will not be permitted unless ordered by the court on its own motion.
 AGREED CASES
RULE 29. No judgment will be pronounced in any agreed case placed upon the docket of this court unless an affidavit shall be filed setting forth that the matters presented by the record were litigated in good faith about a matter in actual controversy between the parties, and that the opinion of this court is not sought with any other purpose than to adjudicate and settle the law relative to the matter in actual controversy between the parties to the record.
 INSPECTION OF ORIGINAL PAPERS
RULE 30. Whenever, in the opinion of the trial judge, an inspection of an original paper in an action on appeal or writ of error shall be important to a correct decision of the case, such judge may make such order for the transmission, safe keeping and return of such original paper as to him may seem proper. The clerk of this court will receive such original paper in connection with the transcript and hold the same subject to such order.
 SECURITY FOR COSTS
RULE 31. Upon the filing by the defendant in error of an affidavit that any plaintiff in error is not a resident of this State or is insolvent and that no bond for costs has been filed, with proof of service of a copy of the affidavit, a rule shall be entered against the plaintiff in error, of which he shall take notice, to show cause why the writ should not be dismissed.
 TAXING PRINTER'S FEES FOR ABSTRACTS
RULE 32. When copies of the printed abstract are furnished in conformity with the rules of the court, the clerk shall tax a printer's fee at the rate of one dollar and twenty-five cents for each page of one copy of such abstract against the unsuccessful party as costs, to be recovered by the successful party if he furnished *Page 23 
such abstract. If the appellee or defendant in error shall file an additional abstract under the rules of this court and shall be successful in the cause he shall be entitled to have taxed like fees for such additional abstract on motion, if the court shall be of the opinion that such additional abstract was necessary.
 REMOVING RECORDS
RULE 33. No record shall be taken from the files of the court except on special leave granted by the court, and it is made the duty of the clerk to report promptly to the court every violation of this rule. In cases transferred to an Appellate Court the clerk shall transmit the record, abstract and briefs to such Appellate Court. In all cases in which an appeal is dismissed, where the party still has the right to sue out of this court a writ of error, the clerk shall permit the party to use the transcript of the record as a return to such writ of error. When the original bill of exceptions or certificate of evidence shall be incorporated in the transcript of the record and the judgment or decree shall be reversed and the cause remanded for another trial or hearing, such original bill of exceptions or certificate of evidence shall, on the written request of either party desiring to use it on another trial or hearing, be transmitted by the clerk of this court to the clerk of the court to which such cause shall have been remanded.
 LIBRARY
RULE 34. The librarian shall not permit any person, except the justices, to take from the library any book without the consent of the court or the chief justice.
 SENIORITY — CHIEF JUSTICE — ORDER OF SUCCESSION
RULE 35. Seniority among the justices shall be determined by length of continuous service, but if the terms of two or more justices shall begin at the same time they shall determine the seniority as between or among themselves by lot, unless they shall be able to determine it by agreement. The term of chief justice shall begin on the first Tuesday of June in each year. No justice shall be eligible to act as chief justice who shall not have served as a justice at least two years. Among the justices who are eligible, *Page 24 
those who have not before served as chief justice shall be preferred, and among the latter, seniority as determined by this rule shall control. When all eligible justices shall have theretofore served as chief justice, then the justice whose last term as chief is most remote shall succeed.
 CERTIORARI
RULE 36. In case application shall be made to require any case decided by an Appellate Court to be certified to this court for review and determination there shall be filed a petition for a writ of certiorari printed in accordance with Rule 16, together with a transcript of the record of the Appellate Court, with an assignment of errors written upon or attached to it. Thereupon a certificate of such filing shall be issued by the clerk of this court to the clerk of the Appellate Court, who shall transmit to the clerk of this court the original transcript of the record of the trial court, authenticated by the seal of the Appellate Court and the certificate of its clerk. In case the writ shall not be granted the original transcript of the record of the trial court shall be returned forthwith to the clerk of the Appellate Court. The petition shall be docketed, "..................., Petitioner, vs.................., Respondent."
The petitioner shall file with his petition an abstract of the record prepared in accordance with Rule 14. The petition shall contain, first, the opinion of the Appellate Court in full; second, a statement of the points relied upon for a reversal of the judgment, together with authorities and suggestions, concisely stated in support of the points; and third, the formal prayer for the writ. Where the facts are correctly stated in the opinion of the Appellate Court the petitioner shall not re-state them. Where the petitioner is of the opinion the facts essential to a proper presentation of the case are not so stated, he may, preliminary to his statement of points, note the inaccuracy or insufficiency of the statement of facts by the Appellate Court and supply or correct the same in so far as it is necessary to properly present the points relied upon for reversal.
A petition violating this rule will be stricken.
Fifteen (15) printed copies of such petition and abstract shall be filed on or before twenty days before the first day of the term, *Page 25 
together with proof of service of three copies thereof on the respondent or his attorney. It is desirable that respondent file fifteen (15) printed copies of an answer to the petition on or before the first day of the term, stating briefly the points and authorities relied upon to meet or obviate the points of the petitioner and to sustain the judgment. Such answer shall constitute an appearance in the case.
If the petition be granted it shall not be necessary to send the writ of certiorari to the clerk of the Appellate Court, but the transcripts of the records theretofore filed shall be taken and considered as a due return to the writ, and the cause shall thereafter proceed as if pending on writ of error, the petitioner being designated as plaintiff in error. The case shall retain the original number of the petition, and no additional docket fee shall be required of the petitioner. A scire facias to hear errors shall be issued in the manner provided by Rule 6, returnable on the first day of the next term, for all respondents who have not appeared in opposition to the petition. Rules 15, 16, 17 and 23 shall govern as in other cases pending on writ of error.
 COMPENSATION CASES
RULE 37. In case application shall be made for a writ of error to review any judgment or order of court under the Workmen's Compensation act, there shall be filed a petition for the writ, printed in accordance with Rule 16, together with a complete transcript of the record of the trial court and an abstract thereof prepared in accordance with Rule 14. An assignment of errors shall be written upon or attached to the transcript. The petition shall be docketed, "..............., Petitioner, vs................, Respondent."
The petition shall contain a concise statement of the facts and of the points and authorities relied upon for the issuance of the writ. Fifteen (15) printed copies of such petition and abstract shall be filed with the clerk of this court within the time allowed by the Workmen's Compensation act, together with proof of service of three copies thereof on respondent or his attorney. It is desirable that respondent file fifteen (15) printed copies of an answer on or before Saturday of the second week of the term, which shall state concisely the points and authorities relied upon to meet *Page 26 
or obviate the alleged errors and sustain the judgment. Such answer shall constitute an appearance in the case.
If the petition shall be granted the cause shall be docketed and shall proceed as in the case of an ordinary writ of error, the petitioner being designated as plaintiff in error. The case shall retain the original number of the petition, and no additional docket fee shall be required of the petitioner. Ascire facias to hear errors shall be issued in the manner provided by Rule 6, returnable on the first day of the next term for all respondents who have not appeared in opposition to the petition. The parties may submit the cause on the petition and answer filed on the application for the writ, or either party may file a further brief as in other cases pending on writ of error.
 REPORTING AND PUBLISHING DECISIONS
RULE 38. As to the time and manner of publishing decisions the following rules shall be observed:
First — The reporter shall publish in book form all such opinions as are to be reported, which may be filed hereafter, within three months after the filing and recording of the same, except where more opinions of the court shall be filed at the same time than will comprise one volume of the Reports, in which event the reporter shall publish the first volume of such opinions within three months after the time of the filing and recording thereof, and the residue shall be published in volumes at the rate of one volume for every three months.
Second — In order to facilitate the publication of the opinions hereafter to be filed, as herein prescribed, it shall be the duty of the clerk of this court to transmit to the reporter, without delay, a copy of the printed abstracts, briefs and arguments in each case taken by the court.
Third — In cases where application for rehearing shall be made under the rules of the court, the reporter shall not publish the opinion therein until such application shall have been disposed of.
Fourth — Each volume of the Reports shall contain at least six hundred and seventy pages, and shall be of the same general character, typographically, as those heretofore published by the present reporter, subject to such changes as the court may from time to time specially direct. The paper upon which the Reports may be *Page 27 
printed shall be a clear, white paper, supersized and calendered, and of not less than fifty pounds to the ream. The Reports shall be bound in a good quality of art vellum (cloth) and the boards used in binding shall be good tar boards.
Fifth — The reporter shall prepare a proper and correct headnote or syllabus in each case, and may publish the briefs of counsel, in his discretion. He shall furnish a table of cases reported in each volume, arranged in alphabetical order, and an index of the matter contained in the volume, distributed under appropriate heads, with cross-references and numbers. In any volume which shall close a term of court there shall be published a table of the cases directed not to be reported. Such rules as may be from time to time adopted by the court shall be published in the volume next succeeding their adoption.
Sixth — It is made the duty of the reporter to superintend the printing of the Reports and see that they are accurately and properly printed. He shall transmit to each of the justices of this court a printed copy of all the cases reported, before the regular edition shall be printed.
Seventh — The reporter is not required to attend upon the terms of this court, except as may from time to time be specially directed.
Eighth — It shall be the duty of the reporter to keep constantly on hand, of the Reports hereafter to be published, a sufficient number to meet promptly any demand of the profession therefor.
 ADMISSION TO THE BAR
RULE 39. The State Board of Law Examiners shall consist of five members of the bar appointed by this court to serve for terms of three years and until their successors are appointed. At the October term, 1923, a member shall be appointed from the First Appellate Court District and a member from the Second Appellate Court District; at the October term, 1924, a member shall be appointed from the First Appellate Court District and a member from the Third Appellate Court District; and at the October term, 1925, a member shall be appointed from the Fourth Appellate Court District. The board shall elect, annually, one of its members president and one secretary and treasurer. The board shall audit, annually, the accounts of its secretary and treasurer and shall report to the court at each October term a detailed statement of the *Page 28 
finances of the board, together with such recommendations as shall seem advisable.
The board shall conduct three examinations annually, — in Chicago on the third Tuesday in March and in July, and in Springfield on the third Tuesday in November. Such examinations shall be conducted by printed interrogatories, shall be uniform and shall be supervised by the members as a body, a majority of the board constituting a quorum. The board shall certify to the court at each term those who have met the requirements for admission to the bar, and the applicants so certified shall appear in person before this court and shall be admitted to the bar on motion in open court.
Each applicant for examination shall present to the Board of Law Examiners satisfactory proof that he has a general and legal education sufficient to qualify him therefor. For those who in good faith began the study of law prior to July 1, 1924, proof of general education shall consist of a diploma showing graduation from an accredited four-year high school, or a certificate of the registrar of the University of Illinois, or other college or university of equal credit, that the applicant is entitled to enter such college or university, with further proof that this general education was acquired prior to the beginning of the study of law. Such applicant must further show that he has within six years next prior to applying for examination pursued for a period of three years, during at least thirty-six weeks in each year, a course of law studies covering the law of real and personal property, persons and domestic relations, torts, contracts, partnership, bailments, negotiable instruments, agency, suretyship, wills, corporations, equity jurisprudence, crimes, conflict of laws, evidence, common law and equity pleading, the Federal and State constitutions, and legal ethics; that such law studies have been pursued in an established law school accredited by the Board of Law Examiners or under the personal tuition of one or more licensed attorneys, and that the applicant, if studying under such tuition, has pursued said studies at least thirty-six weeks in each year and has submitted to regular and satisfactory examinations by such attorney during said period upon each subject. Students pursuing studies under the tuition of an attorney shall take the current annual examinations hereinafter required. Proof of legal education shall consist of the affidavit of the applicant *Page 29 
and the certificate of the secretary or one of the professors of the law school showing personal attendance at such law school, or the affidavit of the attorney or attorneys under whose tuition such studies have been pursued; or, if in consequence of the death or absence from the State of such attorney or attorneys, his or their affidavit cannot be procured, such proof may be made by affidavit of any credible witness having knowledge of the facts.
For those beginning the study of law after July 1, 1924, proof of general education shall consist of a diploma showing graduation from a four-year high school, or other preparatory school, whose graduates are admitted on such diploma to the freshman class of any college or university where the requirements for admission are equal to those required by the University of Illinois, or the certificate of the registrar of such a college or university that the applicant is entitled to enter same, and a certificate of a member of the faculty of a college or university accredited by the Board of Law Examiners showing completion of at least seventy-two weeks of general college work, or the applicant, in lieu of such certificate, must pass an examination to be given by or under the direction and supervision of the Board of Law Examiners in a course of studies to be approved by said board as the equivalent of seventy-two weeks of college study. The board by rule may recommend certain subjects which it will regard as such equivalent, but it shall not specifically require any particular group of studies. The high school education or its equivalent shall be completed before the college studies begin, and the college education or its equivalent shall be completed before the law studies begin: Provided, however, that as to all applicants who begin the study of law after July 1, 1924, and prior to July 1, 1926, only thirty-six weeks of college study or its equivalent shall be required.
For those beginning the study of law after July 1, 1924, proof of legal education shall be made (a) by a certificate from an established law school (or law schools) accredited by the Board of Law Examiners, showing that the applicant has pursued a course of law studies in such law school (or law schools) of at least 1200 class room hours covering a period of not less than three years, and has passed a satisfactory examination in each of the law studies required for graduation by such law school (or law schools), which shall include the law subjects hereinbefore enumerated, provided *Page 30 
the board shall not give credit for more than 432 class room hours in any one year; or (b) by showing that the applicant has in good faith, while actually engaged in the office and under the personal tuition of a licensed attorney (or attorneys) in active practice, pursued for a period of four years, during at least thirty-six weeks in each year, a course of law studies to be prescribed by the Board of Law Examiners as the equivalent of such law school course. Such applicant shall submit to and satisfactorily pass an examination by the Board of Law Examiners once each year during the first three years of such law office study. Proof of such law office study shall be made by an affidavit of such licensed attorney (or attorneys) showing that the applicant has pursued the course of studies herein required and has passed satisfactory examinations in each subject. If in consequence of the death or absence from the State of such attorney (or attorneys) his (or their) affidavit cannot be procured, such proof may be made by an affidavit of any credible witness having personal knowledge of the facts, subject to the approval of the Board of Law Examiners. (c) If an applicant pursues his course of law studies partly in such accredited law school and partly under the tuition of such licensed attorney (or attorneys) he shall be allowed credit for studies in such law school upon presentation of a certificate therefrom showing the studies he has taken therein by personal attendance and that he has satisfactorily passed examinations in such studies, such certificate showing the number of class room hours and the number of weeks of law study pursued by such applicant in such law school. He shall be allowed credit for such studies as he pursues under the tuition of a licensed attorney (or attorneys) when proof is made as provided in clause (b) above. Such an applicant shall pursue his law studies for a period of four years during at least thirty-six weeks in each year.
If an applicant for admission to the bar by examination shall be rejected at a first or second examination he shall not again be admitted to an examination until one examination has intervened after such rejection. If an applicant shall be rejected at a third or fourth examination he shall not again be admitted to an examination until two examinations have intervened after such rejection. Before taking a second or subsequent examination he must furnish evidence satisfactory to the board that he has diligently *Page 31 
pursued the study of law since his last examination. If an applicant has been rejected at a fifth examination he shall not again be admitted to an examination.
Where a licensed attorney requests admission to the bar upon a license showing his admission as an attorney at law in another State or country, he must present to the board proof that he has been admitted to practice in the highest court of such State or country and that he has actually remained in said State or country and practiced in the courts of record as an attorney at law for at least five years, specifying the name of the place or places in which he has so practiced. Such proof shall be supported by a certificate from a judge of the highest court in the State or country certifying that he has been so admitted, has so practiced, and is a man of good character, such certificate to be certified by the clerk of the court and sealed with the seal of the court: Provided, however, where the requirements for admission to the bar of such State or country require less than two years of law study, such attorney shall furnish proof as above that he has actually practiced in the courts of record of such State or country for at least eight years. Where the requirements for admission to the bar in such State or country at the time of the applicant's admission therein are equivalent to the requirements in this State in effect at the time of the application for admission here, the board may recommend for admission to the bar of this State an attorney licensed in such other State or country.
At the October term in each year there shall be appointed by the court a Committee on Character and Fitness in each of the Appellate Court districts of the State, consisting of not less than three attorneys at law and the member or members of the Board of Law Examiners appointed for the respective districts, to which shall be referred all applications for admission to the bar of this State, the members of such committee to continue in office until their successors are appointed. The committee shall require the attendance before it, or a member thereof, of each applicant, with the affidavit of at least three practicing attorneys personally acquainted with such applicant, residing in the county in which such applicant resides, testifying to the good character and general fitness to practice law of such applicant, said affidavits to set forth in detail the facts upon which the opinion is based. *Page 32 
Each applicant must be a citizen of the United States, an actual resident of the State of Illinois and twenty-one years of age or over. He must be able to speak and write readily and intelligently the English language, and must give evidence to the Committee on Character and Fitness that he understands and believes in the righteousness of the principles underlying the constitutions of the State and of the United States, and that he has such other qualifications as to character and general fitness as in the opinion of the committee justify his admission to the bar. No person shall be admitted to practice law in this State who shall not furnish a certificate of general fitness to practice law from the Committee on Character and Fitness of his district, a certificate of good moral character from a court of record of the county of his residence, a sworn statement showing his full name, age, birthplace, place of residence and length of residence in such place; if born in a foreign country, at what age he came to the United States and when and where he was naturalized; the name, birthplace, residence and occupation of his parents; the common schools attended by him and the dates when such attendance began and ended; the name and location of the college attended by him, if any, together with dates of attendance and degrees received; the name and location of the law school attended by him, if any, together with the dates of attendance and degrees received; the time employed in law offices, if any, together with a list of such offices and the dates of employment in each; whether he has applied for admission to practice law in any other State or country, and if so, when and where, and whether he was admitted to practice, and if so, how long he practiced; whether he has heretofore applied for admission to the bar of this State, and if so, when and why he was not then admitted; whether he has been engaged in any occupation, business or profession, and if so, when and where, giving the names and addresses of his employers, the positions occupied by him and the period of his employment; and whether he has ever been a party to any legal action, and if so, the full details of his interest therein.
For each examination given by the board on preliminary education or on legal subjects where study is being pursued under the tuition of a licensed attorney, the applicant shall pay to the board, in advance, a fee of five dollars. Each applicant for admission *Page 33 
to the bar, whether upon examination or admission on a foreign license, shall pay to the board, in advance, a fee of fifteen dollars. The blanks for all information required shall be furnished by the board.
 PROCEEDINGS TO STRIKE ATTORNEY'S NAME FROM ROLL
RULE 40. In case an application shall be made to strike the name of an attorney from the roll, there shall be filed an information making clear and specific charges, giving time, place and acts of misconduct with reasonable certainty, signed by the Attorney General, a State's attorney, the president and secretary of a regularly organized bar association, either incorporated or unincorporated, or any person aggrieved by the misconduct of the attorney charged. Where the information is signed by such aggrieved person he shall verify it by an affidavit upon which perjury can be assigned, and such aggrieved person must be represented, in the proceeding so instituted, by an attorney whose name then appears upon the roll of the attorneys of this court. When the information shall be deemed sufficient the court will enter a rule to show cause on a day named, and when the rule shall be answered, the court will prescribe the time of closing proofs by the respective parties, and the cause shall then stand for hearing.
RULE 41. These rules shall be in lieu of all rules heretofore in force. *Page 34 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 35